BELLE A. DALL

*vs.*

BANGOR RAILWAY & ELECTRIC COMPANY

Penobscot.    Opinion June 15, 1927.

*Where the elements of law contained in requested instructions were fully and accurately stated in the charge, the court is not obliged to repeat what has once been substantially and properly covered in the charge.*

In this case while it might be possible for the court to have found differently it does not deem it is its duty to invade the province of the jury and set aside their verdict.

On general motion and exceptions by defendant.    An action to recover damages for personal injuries sustained by plaintiff resulting from a collision between an electric car of defendant and an automobile in which plaintiff was riding as an invited passenger at Basin Mills in Orono on June 3, 1924.    A verdict of $17,000 was rendered for plaintiff and defendant filed a general motion, and also excepted to a refusal to give requested instructions, and to the exclusion of certain testimony.    Motion and exceptions overruled.

The case fully appears in the opinion.

*George E. Thompson and Ross St. Germain,* for plaintiff.

*Ryder & Simpson,* for defendant.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, BARNES, PATTANGALL, JJ.

PHILBROOK, J.    This action arises from a collision at intersecting streets between an automobile in which the plaintiff was riding as a passenger and a trolley car operated by the defendant.    The jury

returned a verdict in favor of the plaintiff in the sum of $17,000. The case is before us on motion for a new trial and upon exceptions to the refusal of the court to give the jury certain requested instructions.

The negligence which the plaintiff imputes to the defendant, as set forth in the declaration, is that the defendant drove and propelled a certain electric car without any warning by whistle or otherwise at a terrific rate of speed and in such a careless and negligent manner that it came without warning on said automobile in which the plaintiff was riding with such force and violence that it collided with said automobile and dragged it a great distance; also that the defendant was running an electric car at a reckless and high rate of speed and that no gong was rung or whistle was blown and that the accident was caused wholly on account of the negligence of the defendant and was not caused by any fault of the plaintiff.

In addition to other elements, the defendant claimed contributory negligence on the part of the plaintiff in two respects: first, in respect to her failure to remonstrate because of the speed at which the automobile was being driven, in excess of eight miles an hour at an obstructed corner in the compact portion of the village; second, her failure to see or hear the street car and to warn the driver of the automobile.

*The Motion.* The case was tried with great care and ability on the part of counsel on both sides and with equal care on the part of the presiding justice. The issues of fact upon which negligence of the defendant and contributory negligence on the part of the plaintiff might be based were sharply defined and closely adhered to. Upon the testimony offered upon the one side and the other the jury deliberated and established by its finding the fact of negligence on the part of the defendant and the want of contributory negligence on the part of the plaintiff. In view of the importance of the case, and especially so from the financial standpoint, we have examined the record with great care; and while it might be possible for the court to have found differently, yet we are not persuaded it is our duty to invade the province of the jury and set aside their verdict so far as legal liability of the defendant is concerned.

*The Exceptions.* In the report, under the heading "Defendant's requested instructions" are to be found twenty-one elements or legal propositions; but when we turn to the bill of exceptions allowed by

the presiding justice, we find those legal propositions reduced to five instructions which the defendant requested the court to give to the jury and which were not given; together with one exception based upon the exclusion of the testimony of the motorman, who was operating the street car, that he was familiar with the rule of law governing a vehicle's right of way over other vehicles coming into the street from the left, for the purpose of showing to the jury that he relied in fact upon having the right of way over such automobile.

The refusal to give the requested instructions was on the usual ground, viz., except so far as they were covered by the charge of the presiding justice as given, which said charge in full was made a part of the bill of exceptions.

The first requested instruction was as follows: "In the present suit for damages the question of contributory negligence is not whether the negligence of the plaintiff or that of the defendant was the more proximate cause of the injury to plaintiff, but it is whether the negligence of the plaintiff contributed to cause the injury in the slightest degree. If plaintiff's negligence did so contribute she cannot recover." Turning to the charge of the presiding justice, we find that the jury was distinctly instructed in the following words: "If the plaintiff is negligent at all and the negligence contributed to the cause of the accident, she cannot recover." While this is not in the exact words of the requested instruction, it fully covers the point raised in this exception.

The second requested instruction was as follows: "The speed at which a street car may properly be run, the kind of control over it and the degree of watchfulness which is imposed upon those in charge must depend to some extent upon the surrounding conditions, such as nearness of the track to the side of the street and to the houses, the likelihood of persons driving out from side streets and whether the streets are so located that persons driving from them can see or learn of the approach of street cars in season, with due care, to avoid collision. The defendant and its servants, including Mr. Messer (the motorman) had a right to assume that all such persons would themselves be in the exercise of ordinary care." Again turning to the charge of the presiding justice, we find that he instructed the jury in practically the identical words of the requested instruction, only omitting the statement as to the proposition that the motorman

had a right to assume that other persons would use due care, but that element was made plain in other parts of the charge so that the defendant availed nothing by this exception.

The third requested instruction was as follows: "The law does not require a higher degree of care of a motorman operating street cars than is required of other users of the public streets." This relates to the degree of care which obtains in all negligence actions and was fully covered in the charge of the presiding justice.

The fourth requested instruction was as follows: "If you find that the plaintiff was inattentive in not earlier observing the approach of the street car and warning the driver of the automobile, it is no answer to say that the plaintiff was justified in her inattention by the fact that no electric train was due there at that time. For the defendant had a right to run cars when it chose, and it was the duty of the plaintiff to exercise some care and look out for them. She could not be entirely inattentive." This requested instruction relates to the degree of care which the plaintiff should exercise to the end that there may be no contributory negligence on her part which would become the proximate cause of the accident. This element was very carefully and fully covered in various ways by the charge of the presiding justice and the exception is not availing.

The fifth requested instruction was as follows: "The legal duty of the plaintiff under the circumstances of this case, to listen, watch and act to prevent the collision that occurred in this case, was not less clear and imperative than was that of the driver of the automobile." This instruction also relates to the element of contributory negligence on the part of the plaintiff. Here again the presiding justice called attention in his charge to the duty of the driver of the automobile and the duty of the passenger or guest in the automobile; and the attention of the jury was called to the fact that while the negligence of the driver of the automobile cannot be imputed to the plaintiff, yet, the plaintiff riding in the automobile as a guest on the front seat owes a certain duty. And the duty which the passenger thus owed was again clearly described and set forth by the presiding justice. This exception also does not avail.

The sixth exception relates to the exclusion of the testimony of the motorman, Mr. Harry E. Messer, who was operating the car at the time of the collision. The direct examination of this witness by

counsel for the defendant discloses the following questions and answers and colloquy between court and counsel:

"Q. Did you know that you had the right of way?

ATTORNEY THOMPSON: I object to that, if your honor please, what he knows.

ATTORNEY SIMPSON: Q. Were you familiar with the rule of law giving vehicles the right of way over other vehicles coming into the street from your left?

ATTORNEY THOMPSON: I object to that question, for that is not the law, as I understand it, that has been conceded by the court.

THE COURT: That is a question of law for the court rather than for the witness, I think.

ATTORNEY SIMPSON: Q. If that is your understanding of the law—

ATTORNEY THOMPSON: Well, I object to that.

ATTORNEY SIMPSON: I think I can show what his understanding was.

THE COURT: I think I shall have to exclude that."

Although the testimony was excluded, the presiding justice distinctly instructed the jury "that in this case the street railway car had the right of way. * * * * moreover, both the defendant and the plaintiff have a right to assume that the other will observe the rules of law of the road, although, as I have just indicated, that does not excuse them from the exercise of that care which an ordinarily prudent person would exercise under the same circumstances." Under this instruction, we feel that the exception as to the exclusion of the testimony of Mr. Messer does not avail the defendant.

*Damages.* This element in the case presents grounds for serious contemplation. As we have already seen, the verdict was in the sum of $17,000. Even in these later days when verdicts larger than formerly are returned, we have given considerable attention to the question of excessive damages, as claimed by the defendant; and in some cases sustained large verdicts, and in some cases reduced the same by ordering a remittitur. In the present case, the plaintiff at the time of the accident was a young woman twenty-five years of age, unmarried, and was employed in an office where she operated a typewriter and a calculating machine and did other work of a similar

nature.   The testimony appears to show that her expenses incidental to hospital treatment, medical treatment, surgical treatment and nursing for a long period amounted to a possible $1,500.   Her wages at the time of the accident were $90 a month, and during the period of two years her loss in that respect was more than $2,000.   These two elements alone would reduce her $17,000 verdict to $13,500. One of the physicians testified that she has some permanent impairment of the right shoulder, that he could not say whether the condition of her back would clear up or not, that her right arm will always have a disability, that she will never be able to raise her  arm  normally, that she might at some time be able to operate a typewriter and might be able to use a calculator if it were at the proper height but whether she could lift the lever back and forth continuously all day and raise her arm out straight, the physician was uncertain.   The physician called by the defendant testified he found a certain injury to the right shoulder girdle, that there was a loss of function of 35% to 40% in her ability to lift the right arm at a right angle, that there was a fracture of the transvere process of the third and fourth dorsal vertebra, that he believed she could do typewriting and use an adding and calculating machine and that he thought her condition was not liable to be permanent.

The record does not disclose that she had anybody dependent upon her for support as occurs in many cases where injuries are suffered by a married man.   On the other hand, with advancing years, it does not appear that she had other sources of assistance in support, so that her case like all others, must depend upon the peculiar facts which it contains.   If she had been uninjured and could have continued work at the rate of about $1,000 a year, she could have earned in seventeen years the full amount of this verdict.   She would then not have reached middle life, nor any necessary impairment of her power to labor.   Within proper limits, it is the function of the jury to fix damages as well as to determine questions of liability based upon the facts in the case.   Where the jury have manifestly erred in their result, it becomes the duty of the court to exercise its power of interference.   In the present case, while the amount assessed by the jury is large, yet, taking into account the expenses which she had already incurred, her earning capacity at the time of the accident, her probable earning capacity as affected by the acci-

dent, and the other elements to which we have already alluded, we are not inclined to disturb the verdict on account of its size.

The mandate will therefore be,

*Motion and exceptions overruled.*