## SLOAN v. SOUTHERN STATES CO., Inc., et al.

No. 29522. Sept. 17, 1940.

Rehearing Denied Oct. 22, 1940.

Application for Leave to File Second Petition for Rehearing Denied Nov. 19, 1940.

*106 P. 2d 1099.*

W. F. Schulte, of Ada, for plaintiff in error.

Mart Brown and Butler & Rinehart, all of Oklahoma City, for defendant in error.

RILEY, J. Plaintiff in error commenced this action against defendant and Vester Wright to recover damages for personal injuries and destruction of her automobile.

Plaintiff's claim arose out of a collision between a Ford panel truck being driven by Vester Wright and her automobile, a taxicab, in which she was riding. Defendant Southern States Company, on the date of the alleged injuries, was the owner of a large motor truck used for heavy duty in the oil fields, and at the time and place of the collision this oil field truck was being operated by defendant's employee. Plaintiff's automobile was being driven by her employee, and plaintiff and two other persons riding therein were en route from Ada to

Oklahoma City, in a northerly direction on Highway No. 48, between Konawa and Seminole. Plaintiff alleged that defendants Wright and Southern States Company operated their respective trucks so negligently and unlawfully near where plaintiff's automobile was traveling that the Wright Ford truck collided with plaintiff's automobile causing the injuries set forth, to plaintiff's damage in the sum of $2,950; that the negligence of each of the defendants in the operation of their trucks proximately combined and contributed to the injuries and damages suffered by plaintiff.

Defendant Southern States Company denied generally and pleaded contributory negligence.

Defendant Wright made no defense. The issues thus joined were tried to a jury resulting in a verdict and judgment for defendant Southern States Company. Plaintiff appeals.

It is urged that the court erred in giving to the jury its instructions numbered 5, 6, and 7, and each of them.

There is no substantial conflict in the evidence except as to one matter. That is, the position of defendant's truck at the place of the collision.

The uncontradicted evidence is that the collision occurred at a point on Highway No. 48 about 14 miles south of Seminole. On the morning of May 24, 1935, defendant's truck had been sent from Seminole to an oil well in the vicinity of the accident. It had rained the night before, and as the truck could not proceed, it was returning to Seminole. It came onto the highway, which was paved with a concrete slab 18 feet wide, some distance south of the place where the collision occurred. The truck was headed north and at a point between where two side roads entered the highway from the east, the driver had stopped the truck. The evidence is in conflict as to how far the truck extended over onto the paved part of the highway. Plaintiff's evidence tended to show that the right front wheel was just off of the pavement on the east side and

that the right rear wheel was probably partly off and partly on the pavement. The width of the truck was slightly less than eight feet. Defendant's evidence tended to show that the front wheels of the truck were both entirely off of the pavement and that the right rear wheel was entirely off the pavement, and the left rear wheel was from only 17 to 20 inches on the pavement. The body of the truck extended about one inch beyond the wheels.

The place where the accident occurred is between two curves in the highway, but there appears to have been a clear view of the highway for at least 600 feet each way from the scene of the collision.

While defendant's truck was standing as shown by the evidence, plaintiff's automobile approached from the south, at a speed of about 30 or 35 miles per hour. Plaintiff's driver observed the defendant's truck when within about 600 feet. At the same time the Ford panel truck operated by Wright was approaching the scene from the north. Plaintiff's automobile slowed down so that when it was within 30 or 40 feet of defendant's truck it was traveling at about five or six miles per hour. It was entirely to the right or east side of the center line of the pavement. The Ford panel truck was traveling about 30 or 35 miles per hour, and apparently did not slow down. At the point about opposite the place where defendant's truck was standing it swerved to the right and ran off or partly off of the pavement on the west side, and as it passed the standing truck it turned back to the left onto the pavement and across the center line and struck plaintiff's automobile, injuring plaintiff and wrecking her automobile.

The first instruction complained of is No. 5, which reads:

"You are instructed at the time of the alleged collision and the resulting injury that the laws of the state of Oklahoma provided 'that when a motor vehicle is brought to a stop on a hard surfaced highway the left side of the motor vehicle must be to the right of the center of said highway at least three feet'."

This instruction is a correct statement of the law. Plaintiff in her brief admits that it is correct, "as far as it goes," but suggests that "this rule of the road should have been explained to the jury and modified to fit the facts offered in evidence."

This rule of the road is plain and unambiguous. It is a part of the acts of the Legislature regulating the operation of motor vehicles on the public highway. It needs no explanation and the courts are without power to modify it. Aside from that, if plaintiff was not satisfied with the instruction, she had full opportunity to offer one, or such modification as counsel thought necessary. No suggestion was made to the trial court as to what modification plaintiff thought necessary. No suggestion is made here as to how the instruction might or could have been modified or changed to fit the facts.

We find no error in said instruction.

Instruction No. 6 states the law of concurring negligence. We do not quote it in full for the reason that plaintiff, in her brief, admits that said instruction, or that part of it excepted to, correctly states the law.

The giving of Instruction No. 7 is the principal alleged error.

The substance of the instruction is: The specific act of negligence in plaintiff's petition is that defendant negligently, carelessly, and unlawfully parked its truck on the paved highway, that is, at a distance less than three feet to the right of the center line, and before defendant Southern States Company, Inc., could be held liable for the injury and resulting damage, the jury should find that defendant's "truck was parked on said highway in violation of the laws of the state of Oklahoma, and that this act caused or contributed to the acts of negligence of Vester Wright, otherwise your verdict should be for the defendant."

Plaintiff contends that this was error because violation of the statute by defendant in stopping the truck on the hard-surfaced part of the highway was but one of the theories of plaintiff's case, and that the petition did not in fact specifically allege such violation of the law.

She asserts that it was one of plaintiff's theories that the jury should have been instructed on the question of whether a reasonably prudent driver would have taken the truck entirely off of the paved portion of the highway in view of the opportunity so to do, that is, by driving it upon one of the private driveways.

She asserts that, while her petition did charge the acts of defendant in operating the truck were "unlawful," it did not state whether the negligence charged was a violation of the statute or the common law, and that the violation of either would be an unlawful act.

The effect of the rule stated in 5 Am. Jur. 895, is that the court's charge is not open to objection because it fails to instruct on all the theories which may be drawn from the evidence introduced, unless a request for further instructions is made. Harmon v. Haas (N. D.) 80 A. L. R. 1131.

The instruction given clearly covered one theory upon which plaintiff relied and toward which the principal part of her evidence was directed. In the absence of a request for additional instruction covering the other theories, there was no reversible error.

Judgment affirmed.

BAYLESS, C. J., and CORN, HURST, and DANNER, JJ., concur.