(No. 7030. January 6, 1943.)

WILLIAM S. ABBS, Appellant, v. WILL W. REDMOND and WILL REDMOND, JR., Respondents.

[132 Pac. (2d) 1044.]

Rehearing denied February 1, 1943.

E. V. Boughton for appellant.

Whitla & Knudson for respondents.

GIVENS, J.—Plaintiff brought this action to recover damages claimed to have arisen out of an automobile accident, the facts concerning which are as follows:

November 15, 1940, at about 11:30 p. m., the plaintiff, then 42 years old, accompanied by his son and three other boys, was driving a 1929 Studebaker sedan north on Fourth Street in the city of Coeur d'Alene. The night was very foggy and the road very slippery. The respondent Will Redmond, Jr., a minor 14 years of age, having no driver's license, was driving a Terraplane sedan owned by his father, the respondent Will W. Redmond, north on the same street. Will, Jr., was accompanied by four schoolmates. He claimed he did not see the car being driven by appellant until it was only twenty or twenty-five feet ahead of him and was unable to "get around it"; the car he was driving crashed into the rear end of appellant's car, injuring appellant. Appellant brought this action against Will and his father for $84.50 medical bills, $125 damages to his automobile, $500 for further estimated and necessary medical and surgical expenses, and $10,000 general damages. The jury returned a verdict in favor of respondents, and

appellant appeals, urging the court erred in failing to grant a new trial, that the court erred in giving certain instructions, and that adjournment during the trial for nearly a week resulted in prejudice to the appellant.

Under Sec. 48-903, I. C. A.[1] the owner of an automobile who permits a minor under 16 years of age to drive his car is liable with such minor for any damage caused by the negligence of the minor in driving the automobile.

As to whether or not the owner gave his consent in this case, the jury was instructed as follows:

"Instruction No. 13. You are further instructed that it is the law of this state that the consent of the owner of a vehicle to its taking or driving shall not, in any case, be presumed or implied because of such owner's consent on a previous occasion to the taking or driving of such vehicle by the same or a different person. So in this case even if you find that the defendant Will W. Redmond, Sr., permitted his son to drive his car on other occasions you cannot, from such fact, infer or presume that he permitted his son to drive it on the occasion of the accident. The burden is upon the plaintiff to prove that the father's permission and consent was knowingly given to use the car on the particular occasion of the accident and unless the plaintiff so establishes such fact he cannot recover from the defendant Will W. Redmond, Sr."

Objection was made to this instruction "because it is not a correct statement of the law." Respondents counter with the statement that "this instruction was taken almost verbatim from Sec. 48-131, I. C. A.," which reads:

"48-131. Driving vehicle without owner's consent.—Any person who shall drive a vehicle, not his own, without the consent of the owner thereof, and with intent temporarily to deprive said owner of his possession of such vehicle, without intent to steal the same, shall be guilty of a misdemeanor. The consent of the owner of a vehicle to its taking or driving shall not in any case be presumed or implied

[1] "48-903. **Owner liable for negligence of minor.**—Every owner of a motor vehicle causing or knowingly permitting a minor under the age of sixteen years to drive such vehicle upon a highway, and any person who gives or furnishes a motor vehicle to such minor, shall be jointly and severally liable with such minor for any damage caused by the negligence of such minor in driving such vehicle."

because of such owner's consent on a previous occasion to the taking or driving of such vehicle by the same or a different person. Any person who assists in, or is a party or accessory to or an accomplice in any such unauthorized taking or driving shall also be guilty of a misdemeanor."

This statute should be construed as a whole. As stated in *Boise-Payette Co. v. School Dist. No. 1*, 46 Ida. 403, 268 Pac. 26, "No one provision of constitution or statute should be separated from all others, and considered alone." The statute when read as a whole defines a misdemeanor—that of driving a vehicle without the owner's consent, and has no application herein.

Mr. and Mrs. Redmond and Will testified Will did not have permission to take the car the evening of the accident. The evidence, however, indicated that at noon of the day of the accident his mother had given him consent to take the car in order that he might take his father's lunch to him and not be late to school. After school he had gone skating with some friends, taking them in his father's car. On the night in question he apparently took the car without having said anything about it to either his father or mother. Will further testified that he was not in the habit of taking the car without permission, although he had taken it out several times in the afternoon without permission, and this was the first time he had taken it out after dark. Mr. and Mrs. Redmond and a Mr. and Mrs. Mead, who were guests at the Redmond home on the evening in question, testified that during the evening (at about eight o'clock) Mr. Redmond stepped out on the porch and noticed the car was gone, at which time he asked Mrs. Redmond if she had given Will permission to take it; her answer was that she had not. Mr. and Mrs. Redmond displayed some concern that Will had taken the car, and Mr. Mead offered to get his car and take Mr. Redmond out to look for Will. This offer was not accepted although Mr. Redmond admitted "there would be only one idea that I would have where he had gone and that would be he had gone skating" at one of two places.

Under these circumstances, it was for the jury to determine whether consent had been given within the meaning of the statute, and the court therefore erred in giving instruction 13. Such was the holding in *Christiansen v. Schenkenberg*, 204 Wis. 323, 236 N. W. 109, where the owner of the car testified he had forbidden use of the car to his

nephew Richard, and where other witnesses testified Richard customarily and frequently drove the car, the court saying in part:

"It is contended by the respondent that this continued and customary use of the car by Richard gave rise to a permissible inference that such use was by and with the consent of Kratz. In this we concur. If there were no other evidence in the case, the reasonable inference to be drawn from this persistent use of the car by Richard would be that such use was by and with the consent of Kratz. Conceding that these circumstances justify the inference of consent, the positive testimony to establish a contrary conclusion cannot destroy the probative force of such circumstances. Such evidence might overcome them, might outweigh them, but it cannot take them out of the case. No matter what evidence is placed on the other side of the scales, this evidence remains, and all of the evidence in the case must be weighed and balanced by the jury."

And in *Wallace v. Squires*, 186 N. C. 339, 119 S. E. 569, the court said:

"* * the jury should have been permitted to find whether, upon all the circumstances, there was an implied consent from the use in the family and frequency with which the son had driven the car for the family or for his own use and pleasure. A mere statement that the father at some time had forbidden his son to use the car without his express permission was not conclusive evidence that he was not driving with the implied consent which might well have been drawn correctly from the custom that was shown of his frequent use of the car, * *."

The court in *Bridges v. Welzien*, 231 Iowa 6, 300 N. W. 659, stated:

"It was not necessary for the plaintiff to establish express consent of the father for this particular trip. It may be implied from past conduct."

The Idaho court in *Willi v. Schaefer Hitchcock Co.*, 53 Ida. 367, 25 Pac. (2d) 167, adopted the following rule:

"The fact of ownership alone, regardless of the presence or absence of the owner in the car at the time of the accident, establishes a prima facie case against the owner, for the reason that the presumption arises that the driver is the agent of the owner."

and also:

"It is equally well settled that, where the evidence offered to establish facts which would rebut this presumption is contradictory, the question is one for the jury; but, where the facts so offered are undisputed and uncontradicted, it becomes properly a question for the court. It might be added that, where the facts are such as to leave the court in doubt as to this question, the proper course is to submit the case to the jury; it being their function to pass upon the weight of the evidence."

In *Hill v. Cabral,* (R.I.) 18 Atl. (2d) 145, there had been a special finding that "at the time of the accident the automobile was being used not with the given consent of the defendant but with implied consent." The court said, in approving this finding:

"This is entirely understandable and consistent as shown by the trial justice. The defendant knew, from 9:30 p. m. on November 24 to 1 o'clock the next morning, of the disappearance of her automobile, as well as the absence of her son who had previously asked for permission to use the automobile; and yet she failed to report her loss to the police or to take any other action that was reasonably calculated to locate or recover the automobile in time to probably have avoided the accident. Such complete inactivity, together with her knowledge of other facts in evidence, provided a ground upon which the jury could reasonably have inferred that, although she had originally refused permission, she then impliedly consented because she knew her son had the automobile and thereafter was unwilling, for obvious reasons, to have it taken away from him by the police."

The Oregon court in *Steele v. Hemmers,* 149 Ore. 381, 40 Pac. (2d) 1022, stated the rule as follows:

"When there is evidence tending to show such a customary and continued use of the automobile by the son for his own purposes, it may reasonably be inferred therefrom that the father had impliedly consented to its use at the time of this accident."

Other cases to the same effect are *Sturtevant v. Pagel,* (Tex.) 109 S. W. (2d) 556, affirmed 134 Tex. 46, 130 S. W. (2d) 1017; *Lange v. Bedell,* 203 Iowa 1194, 212 N. W. 354; *McCann v. Downey,* 227 Iowa 1277, 290 N. W. 690; *Grier v. Woodside,* 200 N. C. 759, 158 S. E. 491.

 The giving of this instruction was, since erroneous, clearly prejudicial, and demands a reversal of the judgment and the granting of a new trial. This disposition of the case obviates the discussion of other errors assigned, except to say that none of the other instructions were erroneous. If appellant desired elaboration of the one given with regard to stopping the car in the street,[2] he should have asked for the same. (*Joyce Bros. v. Stanfield,* 33 Ida. 68, 189 Pac. 1104; *Lessman v. Anschustigui,* 37 Ida. 127, 215 Pac. 460; *Boomer v. Isley,* 49 Ida. 666, 290 Pac. 405; *McCoy v. Krengel,* 52 Ida. 626, 17 Pac. (2d) 547; *Burns v. Getty,* 53 Ida. 347, 24 Pac. (2d) 31; *French v. Tebben,* 53 Ida. 701, 27 Pac. (2d) 474; *Craig v. Village of Meridian,* 56 Ida. 220, 52 Pac. (2d) 145; *Mitchell v. Atwood,* 55 Ida. 772, 47 Pac. (2d) 680; *Owen v. Taylor,* (Ida.) 114 Pac. (2d) 258; *Boyd v. Cole,* 189 Wash. 81, 63 Pac. (2d) 931; *Breaux v. Soares,* 18 Cal. App. (2d) 489, 64 Pac. (2d) 146; *Sloan v. Southern States Co.,* 188 Okla. 92, 106 Pac. (2d) 1099.)

The clerk, in preparing his transcript, failed to conform to the provision of rule 19 of the Supreme Court that "Each page shall contain, in the lower right-hand corner thereof, the name of the pleading, paper, or proceeding thereon set forth."

The judgment is reversed and the cause remanded for a new trial.

 Because of the defect in the clerk's transcript, costs will not be assessed against respondents for the clerk's transcript; otherwise, costs are awarded to appellant.

Holden, C.J., Ailshie and Budge, JJ, and Johnson, D.J., concur.

---

[2]"Instruction No. 11. You are instructed that under the law of this state that no person shall park or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main portion of any highway, outside of a business or residence district, when it is practicable to park or leave such vehicle standing off of that paved or improved or main traveled portion of such highway: provided, in no event shall any person park or leave standing any vehicle, whether attended or unattended, upon any highway unless a clear and unobstructed width of not less than fifteen feet upon the main traveled portion of said highway opposite such standing vehicle shall be left for free passage of other vehicles thereon, nor unless a clear view of such vehicle may be obtained from a distance of 200 feet in each direction upon such highway."