188 P.2d 600

**PITTMAN et ux. v. SATHER et al.**

No. 7380.

Supreme Court of Idaho.

Dec. 18, 1947.

Whitla & Knudson, of Coeur d'Alene, for appellants.

J. Ward Arney, of Coeur d'Alene, for respondents.

HYATT, Justice.

Respondents brought actions, consolidated for trial, against appellants for damages for injuries to their persons and motor vehicle received from a nighttime collision of said vehicle with a stock pile of crushed rock, located on a four lane highway substantially constructed but not then completed nor opened for public travel, resulting from alleged negligence of the appellants as contractors in charge of the construction, in failing to establish lights, signs and barricades to warn the public from traveling on said highway and of the existence of the stock pile. Respondents recovered judgment, from which, together

with an order denying a motion for a new trial and for judgment notwithstanding verdict, this appeal is taken.

Appellants were contractors engaged in the construction of a new four lane highway to replace a part of old No. 10, a two lane highway, through the Village of Post Falls, Idaho. The new construction, approaching the Village from the west, ran easterly through the northerly portion thereof, and then gradually curved to the south to reach old No. 10 on the east of the Village. Old No. 10 in approaching Post Falls from the west, ran east on the north side of the new highway, and after entering the Village turned directly south across such new highway, continued southerly for about four blocks, and then turned and continued east to the point where the new construction would join it.

At the time of the accident, the concrete surface of the new highway was completed, but the two roads had not yet been connected up at this easterly junction, and the new highway was not and never had been opened to public travel. Traffic from the west on old No. 10 was diverted east, for two blocks on Mullan Road, from the point where No. 10 turned south through Post Falls, and was then diverted south on Spokane Street, crossing the new construction, and continuing until it reached No. 10 again.

Respondents were hauling ore concentrates from Colville, Washington, to Kellogg, Idaho, and had been over the detour route several times and knew of the construction. On this particular occasion, according to their testimony, they proceeded east on Mullan Road from the original detour point, with the wife driving the vehicle and the husband riding beside her, but missed the southerly turn onto Spokane Street, although they were looking for detour signs; they continued east on Mullan Road through Post Falls and beyond, and then realized they were apparently on the wrong road, getting away from the detour, and would have to turn south in order to get onto old No. 10 again; thereupon they turned and traveled south on another road, by which they eventually came to the new highway; they saw no barricades, structures, signs or anything anywhere at this intersection to warn against using the new highway, and seeing wheel tracks thereon, they assumed it was open to travel, and proceeded east on the same.

Across the new highway, at its east end, appellants had placed a stock pile of mixed oil and gravel, dark in color, which was to be used in making the connection between the two highways. Existence of the stock pile was not indicated by flares, lights or other warning signs.

Respondents further testified that the night was dark, and they were unable to see the stock pile in time to bring their vehicle to a stop and avoid running into it, although their speed was about 25 miles per hour, and the lights and brakes in their vehicle were in good working order and condition.

Errors assigned and discussed by appellants are the giving of certain instructions and refusal of others.

Appellants first complain of the refusal of the court to give these two requested instructions:

"You are instructed that it is not enough that a driver be able to begin to stop within the range of his vision, or that he used diligence to stop after discerning an object. The rule makes no allowance for delay in action, he must so drive that he can and will discover an object, perform the manual acts necessary to stop, and bring the car to a complete halt within such range."

"You are instructed that it is the law of this State that when a person is operating a motor vehicle upon the public highway at night time he must proceed at such rate of speed that he may be able ordinarily to stop short of an object appearing in the radius of his lights. Generally it is negligence as a matter of law, or at least strong evidence of negligence, for a motorist to operate a motor vehicle on a highway at such a speed that the vehicle cannot be stopped within the distance within which objects can be seen ahead of the vehicle."

No error resulted from the refusal. The court instructed (No. 9): "One driving in the night time must drive at such a rate of speed that he may be able ordinarily to stop short of an object appearing within the radius of his lights and he must see an object that an ordinary prudent driver under like circumstances would have seen."

This Court said in Maier v. Minidoka County Motor Co., 61 Idaho 642, at page 650, 105 P.2d 1076, at page 1079: "Generally it is negligence as a matter of law, or at least strong evidence of negligence, for a motorist to operate his automobile on a highway at such a speed that the automobile cannot be stopped within the distance within which objects can be seen ahead of the automobile. Goodman v. Wisby, 152 Kan. 341, 103 P.2d 804. This court has placed its approval upon the doctrine that one driving at nighttime must proceed at such rate of speed that he may be able ordinarily to stop short of an object appearing in the radius of his lights. Baldwin v. Mittry [61 Idaho 427], 102 P.2d 643; Stanger v. Hunter, 49 Idaho 723, 291 P. 1060. See also Flynn v. Kumamoto, 22 Cal.App.2d 607, 72 P.2d 248; Hatzakorzian v. Rucker-Fuller Desk Co., 197 Cal. 82, 239 P. 709, 41 A.L.R. 1027, and annotation, page 1040; Meads v. Deener, 128 Cal.App. 328, 17 P.2d 198; Ruth v. Vroom, 245 Mich. 88, 222 N.W. 155, 62 A.L.R. 1528, and note, page 1531; Mathers v. Botsford, 86 Fla. 40, 97 So. 282, 32 A.L.R. 881, and note, page 887."

The first request is not the law in this State. The rule laid down in the Maier case, supra, does not require that one be able absolutely to stop short of an object appearing in the radius of his lights, regardless of existing conditions, but only that he drive at night at such a speed as to be able *ordinarily* to so stop. Whether re-

spondents were or were not negligent in driving at such a speed as not to be able to stop before the collision, was a question for the jury to determine under all the evidence.

While the second request follows the language of the Maier case, we believe Instruction No. 9 fairly and substantially states the law. There is no reversible error when such is the case, even though an instruction could be more complete. Shaddy v. Daley, 58 Idaho 536, 541, 76 P.2d 279; Basye, et al., v. Hayes, 58 Idaho 569, 76 P.2d 435; Goodman v. Village of McCammon, 42 Idaho 696, 247 P. 789.

▮▮▮ Appellants next assign as error the giving of that part of Instruction No. 6: "In considering the claim of the defendants that the contributory negligence of the plaintiffs was responsible for the damage and injury, you must remember that the defendants bear the burden of establishing by preponderance of the evidence that the plaintiffs contributed by their own negligence to their injury in damage. In other words, it is not the duty of the plaintiffs to disprove contributory negligence. It is the duty of the defendants to prove contributory negligence and contributory negligence, in order to be a defense to this action, must be established by the defendants by a preponderance of the evidence." and all of Instruction No. 11: "It is the duty of the jury to determine from the facts and the law as to whether or not the collision between the vehicle of the plaintiffs and the stock pile was caused by the negligence of the defendants, or was caused by the contributory negligence of the plaintiffs. If caused solely by the negligence of the defendants, your verdict should be for the plaintiffs." arguing that these instructions, particularly No. 6, advised the jury that evidence of contributory negligence had to be introduced by the defendant, otherwise the defense of contributory negligence could not be considered; and disregarded the proposition herein contended for by appellant, that the jury had a right to consider the testimony and evidence of the plaintiffs themselves in determining whether or not plaintiffs had been guilty of contributory negligence.

The part of Instruction No. 6 above set forth is the substance of Sec. 5-816, I. C.A., which provides that in all actions brought for damages for injuries to persons or property, contributory negligence is a matter of defense, and it is not necessary for the plaintiff to plead or prove the negative of contributory negligence.

In Kelly v. Troy Laundry Co., 46 Idaho 214, 223, 267 P. 222, 224, this court said: "The burden of establishing contributory negligence as the proximate cause always rests upon the defendant; this burden may be discharged but never shifted." and again in Madron v. McCoy, 63 Idaho 703, 717, 126 P.2d 566, 572: "In this state, contributory negligence is matter of defense

and must be pled. The burden of proof rests on the party who sets up such defense. § 5-816, I.C.A., and notes." and in Tendoy v. West, 51 Idaho 679, 9 P.2d 1026: "When urged as a defense, the burden of establishing contributory negligence as the proximate cause never leaves the defendant, unless plaintiff, before resting, has relieved him by establishing it or supplying facts clearly presumptive of it."

In its Instruction No. 4, the trial court said: "When we say the 'burden of proof' is on a party, we do not mean that the one having the affirmative of a particular issue must by his own evidence alone sustain his burden of proof, but we simply mean that an excess of all the evidence in the case over the amount necessary to balance the scales, must be in favor of the one having the affirmative of a particular issue or issues to sustain before he is entitled to a verdict." Instructions must be read and considered together. The whole law of the case cannot be embodied in a single instruction. Judd v. Oregon Short Line R. Co., 55 Idaho 461, 44 P.2d 291.

Appellants cannot complain of Instructions 6 and 11, considered with Instruction No. 4, since by the latter the jury were in effect advised that while the defendants had the burden of proof on contributory negligence, such burden did not have to be sustained by appellants' evidence alone, but contributory negligence could be proved from all of the evidence. See Draper v. City of Burley, 53 Idaho 530, 26 P.2d 128.

Appellants made no request for an instruction on the law as they contend it to be, and we therefore cannot review the question. Mitchell v. Atwood, 55 Idaho 772, 47 P.2d 680. Further, it is a settled rule in this state that if an instruction is a substantially correct statement of the law as far as it goes, applicable to the evidence, and is not conflicting or misleading, the giving of such instruction is not error of which an appellant may complain in the absence of a request for a more proper one, even though the instruction might or should have been further explained, clarified, qualified, or more clearly or explicitly worded. Burns v. Getty, 53 Idaho 347, 24 P.2d 31; McCoy v. Krengel, 52 Idaho 626, 17 P.2d 547; Mitchell v. Atwood, 55 Idaho 772, 47 P.2d 680; Bryant v. Hill, 45 Idaho 662, 666, 264 P. 869; Crystal Dome Oil, etc., Co. v. Savic, 51 Idaho 409, 6 P.2d 155; Abbs v. Redmond, 64 Idaho 369, 132 P.2d 1044; Klam v. Koppel, 63 Idaho 171, 184, 118 P.2d 729; Evans v. Davidson, 58 Idaho 600, 615, 77 P.2d 661; French v. Tebben, 53 Idaho 701, 707, 27 P.2d 474, 475; Tendoy v. West, 51 Idaho 679, 9 P.2d 1026; Owen v. Taylor, 62 Idaho 408, 114 P.2d 258. The rule laid down by these cases can be considered an outgrowth or extension of the general rule that if the trial court does not instruct upon an issue or matter at all, and no request is made for an instruction thereon, such failure is not error that will be reviewed on appeal. See Joyce Bros. v. Stanfield, 33 Ida-

ho 68, 189 P. 1104, and Nash v. Meyer, 54 Idaho 283, 31 P.2d 273; Advance-Rumely Thresher Co., Inc., v. Jacobs, 51 Idaho 160, 4 P.2d 657.

Complaint is also made of Instruction No. 12: "You are instructed that if you find that Mrs. Pittman driving the truck, and Pittman, as a passenger in the truck, acted as reasonably prudent persons would have acted under like circumstances, you may properly conclude that the plaintiffs in this case were not guilty of contributory negligence." While this instruction was not proper because it was an abstract statement and too general, yet we hold that the same in connection with all the other instructions in the case, does not constitute reversible error. See Osier v. Consumers Co., 42 Idaho 789, 248 P. 438, and Muir v. City of Pocatello, 36 Idaho 532, 212 P. 345, where similar instructions were involved, and Evans v. Davidson, 58 Idaho 600, 77 P.2d 661, holding absent a request for a specific instruction, the giving of a general one is not error.

Final assignment of error is the giving of Instructions 7, 8 and 10:

(7) "It is the duty of a contractor on a public highway to place barricades or other warning devices to warn reasonably prudent persons not to enter upon said highway and it is the further duty of such a contractor, wherever any public highway is open and accessible to the traveling public, but on which some obstruction or barrier or depression or other dangerous condition exists, to so mark and sign as to give reasonable advance notice of the existence of such a dangerous condition. · If that condition exists during darkness, the sign or warning must be of such a character as to be visible to an ordinary prudent person approaching that danger spot. Such a sign or warning must be such a distance from the danger spot as to give a reasonably prudent traveler on the highway ample advance notice of the existence of such a danger."

(8) "You are instructed that a traveler upon a public highway or street has the right to assume that the right-of-way is as safe and free from danger as the ordinary public highway. It is not the duty of such a traveler to expect and maintain a lookout for unusual highway hazards, such as deep depressions or as obstructions or the like. Such a traveler has a right to expect that any such depressions or obstructions will be signed and marked so as to warn an approaching traveler. In the absence of such signs or warnings, a traveler has a right to assume the roadway to be safe from anything except the usual traffic hazards and, therefore, to maintain the legal rate of speed in traveling along said highway."

(10) "You are instructed that it is unlawful and therefore negligence per se to obstruct a highway or to leave thereon any impediment which might block traffic · or cause injury or damage to a traveler on the

highway, unless the obstruction or impediment is so plainly marked as to be visible and thus prevent collision therewith.

"It is incumbent upon any officials or persons having charge of the construction of any public highway to so sign or mark any obstruction or impediment or to blockade against travel as a reasonably prudent person would do under similar circumstances.

"The type or character of sign or warning or blockade should be adapted and suitable for the purpose of preventing or minimizing injury or damage to any one unaware of the existence of such an obstacle or impediment on the highway.

"In short, one who is in charge of construction or constructing a public highway should adopt reasonable prudent means of safeguarding against injury or damage to an unsuspecting traveler upon that highway and is liable for failure to adopt such reasonable or prudent means in event injury or damage is occasioned to such traveler."

Appellants argue that these instructions erroneously assumed and led the jury to believe that the four lane highway had been opened to the traveling public, and that while stating the law applicable to public highways, they have no application and are not the law with reference to a highway still under construction and never opened to the public. While the words "public highway" are used in these instructions, which might and should have been more suitably worded to fit the situation shown by the evidence, yet we do not believe the jury was misled by the words "public highway", under the evidence in this case. Although this four lane construction was not finally completed nor open as a public highway, there was, nevertheless, a duty on the part of appellants as contractors in building a public highway, to give such adequate and proper warnings as the circumstances required to prevent the public from entering and traveling thereon, especially when hazards existed. It was their duty to exercise due care—that is to say, such care as persons of ordinary care and prudence would have exercised,—to warn the public that the road under construction was closed and not open to the public. For the general principle applicable in these cases, or where a highway is closed for repairs, see Lewis v. La Nier, 84 Colo. 376, 270 P. 656; Eubanks v. Schwalbe, Tex.Civ.App., 55 S.W. 2d 906; Stockton Automobile Co. v. Confer, 154 Cal. 402, 97 P. 881; Folkins v. Johnston, 124 Cal.App. 169, 12 P.2d 153; Hansen v. Clyde, 89 Utah 31, 56 P.2d 1366, 104 A.L.R. 943; Davis v. Mellen, 55 Utah 9, 182 P. 920, 7 A.L.R. 1193; Law v. Bryant Asphaltic Paving Co., 175 Iowa 747, 157 N. W. 175, 7 A.L.R. 1189; Myers v. Sanders, 189 Miss. 198, 194 So. 300; Applebee v. Ross, Mo.Sup., 48 S.W.2d 900, 82 A.L.R. 288; Cimino v. Laub, 157 Pa.Super. 371, 43 A.2d 446; Annotations, 7 A.L.R. 1203; 104 A.L.R. 955; Strickfaden v. Greencreek Highway District, 42 Idaho 738, 248 P. 456,

49 A.L.R. 1057; Vol. 5, Blashfield, Cyclopedia of Automobile Law and Practice, Perm. Ed., § 3269. The reason for the rule placing such a duty upon a contractor is the fact that the traveling public will naturally follow or travel such ways as have the appearance of a public road or thoroughfare.

The appearance of the road and lack of barriers, as testified to by respondents, were indicative of an implied invitation to the public to make use of the way, and respondents under their evidence therefore may be said to have been implied invitees. Eubanks v. Schwalbe, Tex.Civ. App., 55 S.W.2d 906. It is the general rule that if one goes on premises of another by invitation, express or implied, the owner has a duty to use reasonable care for his safety. Pincock v. McCoy, 48 Idaho 227, 281 P. 371; Hall v. Boise Payette Lumber Co., 63 Idaho 686, 125 P.2d 311. There being evidence showing respondents were impliedly invited to travel on the new way, they could assume it was free from danger. See Strickfaden v. Greencreek Highway District, 42 Idaho 738, 248 P. 456, 49 A.L.R. 1057. While under ordinary conditions respondents might be classed as trespassers, nevertheless, according to their testimony, they were lulled into security in entering thereon by the appearance of the way and the lack of barricades or other warnings. Folkins v. Johnston, 124 Cal.App. 169, 12 P.2d 153. Therefore, they cannot, under their evidence, be considered trespassers.

Respondents' complaint alleged, appellants' answer admitted, and the evidence was uncontradicted, that appellants were engaged in constructing the new four lane highway through the Village of Post Falls, and that this new four lane highway had not yet been opened to the general public for travel thereover, and had not yet been designated a part of U. S. Highway No. 10. Respondents further alleged, and the evidence shows, that as of the night in question, they did not know that the new highway had not yet been opened to the public for travel. The first paragraph of Instruction No. 10 in effect advised the jury that it was unlawful and therefore negligence per se for appellants to obstruct the four lane way or leave thereon any impediment which might block traffic or cause injury or damage to a traveler thereon, unless the obstruction or impediment was so plainly marked as to be visible and prevent a collision therewith. While this instruction may correctly state the law as to a highway already open and established for public travel, it is incorrect in this case for the reason that there is no evidence to show that the highway had been opened to public travel.

Negligence per se is the violation of a statutory duty, or is such negligence as appears so opposed to the dictates of common prudence that a court can say as a matter of law, without hesitation or doubt, that no careful prudent person would have

committed it. Curoe v. Spokane, etc., R. Co., 32 Idaho 643, 186 P. 1101, 37 A.L.R. 923; Smith v. Oregon Short Line R. R. Co., 32 Idaho 695, 187 P. 539; Brixey v. Craig, 49 Idaho 319, 288 P. 152; Carron v. Guido, 54 Idaho 494, 33 P.2d 345; McAfee v. Travis Gas Corporation, 137 Tex. 314, 153 S. W.2d 442; Vol. 28, Words and Phrases, Perm.Ed., page 459, and cases therein cited.

 We know of no statute, and none has been called to our attention, governing the conduct of a contractor in a case of this kind, or making it unlawful for a contractor on a road never yet opened to the public to obstruct such road or leave an impediment or obstruction thereon, without plainly marking it so that it is visible to a traveler who might come near it. It was not negligence in and of itself, nor was it negligence as a matter of law, for appellants as contractors to put a stock pile on this four lane highway for further construction purposes without visibly marking the same when this roadway had not been finally completed and opened to the public, but it was for the jury to say whether or not, under all the circumstances in evidence, it was negligence on the part of appellants to fail to visibly mark the same or put lights, flares or some other thing, giving warning of its existence, to those who might get upon the road; that is, whether or not such failure under all the circumstances was the failure to use due care required toward the traveling public under the rules hereinabove laid down. See Law v. Bryant Asphaltic Paving Co., 175 Iowa 747, 157 N.W. 175, 7 A.L.R. 1189.

 Negligence is seldom absolute, for whether an act is or is not negligent generally depends upon attendant facts and circumstances. Wurzburger v. Nellis, 165 Cal. 48, 130 P. 1052. In Hall v. Boise Payette Lumber Co., 63 Idaho 686, 125 P.2d 311, 313, this court in speaking of the duties owed by an owner of premises toward an invitee coming thereon, said:

"Whether maintaining an unlocked door swinging in and over a precipitous stairway down into a dark basement; whether maintaining such a door without warning sign thereon, or any hint that the door led into a basement and not into another room; whether maintaining such a door opening into a dark basement abruptly descending from the threshold to the first step; whether the absence of a railing on the east side of the stairway, leaving that side without any thing to catch hold of, with a cement wall on the west side; and, whether the failure of the manager to warn Mrs. Hall, constituted negligence on the part of appellant, and whether the acts and conduct of Mrs. Hall constituted contributory negligence, were questions for the jury. Stearns v. Graves, 62 Idaho 312, 111 P.2d 882, 884; Byington v. Horton, 61 Idaho 389, 401, 102 P.2d 652, 657; Asumendi v. Ferguson, 57 Idaho 450, 465, 65 P.2d 713.

"Furthermore, conceding, but not deciding, that one person might reasonably draw the conclusion that the maintenance of the

door in question in the circumstances hereinabove stated, did not constitute actionable negligence, another might, with equal reason to say the least, conclude it constituted actionable negligence. This court held in Fleenor v. Oregon Short Line R. Co., 16 Idaho 781, 102 P. 897:

" 'Where the evidence on material facts is conflicting, or whether on undisputed facts reasonable and fair-minded men may differ as to the inference and conclusions to be drawn, or where different conclusions might reasonably be reached by different minds, the question of negligence is one of fact to be submitted to the jury.' Denton v. City of Twin Falls, 54 Idaho 35, 28 P.2d 202; Call v. City of Burley, 57 Idaho 58, 69, 62 P.2d 101; Bennett v. Deaton, 57 Idaho 752, 767, 68 P.2d 895."

See Mason v. Hillsdale Highway Dist., 65 Idaho 833, 154 P.2d 490, wherein the court, citing numerous cases, said that negligence, contributory negligence, and proximate cause, are questions for the jury unless the proof is so clear that different minds cannot reasonably draw different conclusions, or where all reasonable minds would construe the facts and circumstances of the case in only one way. See also Owen v. Taylor, 62 Idaho 408, 114 P.2d 258.

We cannot say as a matter of law in this case that appellants were or were not negligent in placing the stock pile as they did without visibly marking the same to warn of its existence. The primary duty of the contractors here was to give proper warning to prevent the public from getting on and traveling the road, but what acts and omissions constituted a violation of their duty to the public, and therefore negligence, were questions of fact for the jury to determine.

It makes no difference whether respondents were implied invitees on this new way or not. The vice of this instruction is in its application to a contractor and his duties to the traveling public. The jury could easily have concluded, under all the evidence, particularly that of appellants, that the latter had not failed to properly barricade or give adequate warning against the traveling public getting on and using the way, and, with this instruction to all intents and purposes advising them that the placing of the stock pile on the way without so plainly marking the same as to make it visible at night and prevent collisions therewith, was unlawful and negligence per se, that such barricades and warnings against traveling the way and all other facts and circumstances bearing upon appellants' negligence or non-negligence were immaterial and all that remained for their determination was whether this act and omission, stated by the court to be negligence per se, was, aside from contributory negligence, the proximate cause of the accident.

The trial court in its instructions must confine itself to such statements of

legal principles as are applicable to the evidence admitted on the issues made by the pleadings. Nordquist v. W. A. Simons Co., 54 Idaho 21, 27, 28 P.2d 207; Doxstater v. Northwest Cities Gas Co., 65 Idaho 814, 154 P.2d 498.

Appellants made no request for instructions upon their theory of the case in this regard. However, the giving of an erroneous instruction which is prejudicial may be complained of on appeal without a request for the proper instruction, or for any instruction upon the matter. Craig v. Village of Meridian, 56 Idaho 220, 226, 52 P.2d 145; Abbs v. Redmond, 64 Idaho 369, 132 P.2d 1044. It must be borne in mind that this situation of giving an erroneous and prejudicial instruction is entirely different than that hereinabove pointed out, where the instruction was correct and applicable as far as it went.

Reluctant as we are to reverse a case which has been tried, nevertheless we are compelled to hold that the first paragraph of Instruction No. 10 is prejudicially erroneous, and demands a reversal of the judgment and the granting of a new trial.

We do not wish to be understood as approving Instructions 7 and 8 as now worded. Upon a retrial of this case they should, particularly if proper request is made therefor, be, wherever necessary, changed or modified to conform to the principles herein stated and made applicable to the evidence and the pleadings.

The judgment is reversed and the cause remanded to the District Court with instructions to grant a new trial.

Costs to appellants.

BUDGE, C. J., and GIVENS, HOLDEN and MILLER, JJ., concur.