210 P.2d 386

## GARRETT v. TAYLOR.

### No. 7583.

Supreme Court of Idaho.

Oct. 4, 1949.

Zener & Peterson, of Pocatello, for appellant.

.P. A. McDermott, of Pocatello, for respondent.

**TAYLOR, Justice.**

Upon the trial of this cause the respondent secured a verdict and judgment against appellant in the sum of $9,000 for personal injuries, sustained by respondent in an automobile collision. The sole question presented on this appeal is as to whether or not the judgment is excessive. The same question was raised on motion for a new trial and the district judge upheld the verdict.

The collision occurred April 13, 1948. The plaintiff (respondent) testified that his back hurt; that his shoulders felt like they had been twisted or wrenched; that the next morning he could hardly get out of bed; that at that time his right shoulder started bothering him; that the right shoulder bothers him almost constantly; that he can hardly sit still, especially on a hard chair; that his right shoulder gets drawn up tight and is relieved temporarily by heat treatment recommended by a physician, which treatment he takes once every three or four weeks; that he suffers pain in his back; that the last few months his legs have been bothering him; that he wakes frequently at night, hasn't "had a decent night's sleep in approximately a year".; hasn't "slept over three hours in one stretch since then"; when he wakes in the night

"it just feels like I am partially paralyzed or something. I don't have any use to my arms or my legs"; that he can raise his right arm only "so high"; that his left shoulder bothers him only at night, at which time it cramps in the same manner as the right shoulder; that he is nervous and perspires excessively on his hands and feet; and that he had never experienced these pains or ailments before the collision.

On May 20, 1948, the plaintiff was examined by a physician, who testified that he complained of a pain in the shoulder and coccyx at the base of the spine. X-ray pictures were taken which showed no abnormal condition of coccyx or pelvic region, but did show a bony tumor near the upper end of the right humerus. The doctor, however, testified that this growth could not have been caused by the collision; that such tumors start during infancy and continue to grow as long as the bone is growing; that there was a deposition of calcium in the muscle near the apex of the tumor; that the conditions revealed by the X-ray would cause pain; that he believed the patient was actually experiencing the pains which he complained of.

The doctor further testified:

"Q. Now, Doctor, is it possible that this calcium deposit you discussed, that even though it existed before this collision that a blow of this nature would activate that deposit? A. Yes, sir; that is true.

"Q. In other words, it could be lying dormant and a severe blow would start that in action; is that correct? A. Yes; that is true."

This doctor recommended the heat treatments for relief, and removal of the tumor by surgery as the ultimate treatment.

In March, 1949, the plaintiff was examined on the occasion of his application for reenlistment. He was accepted, the examining doctors, to report him to the proper hospital for surgery or other treatment of his shoulder.

■■ At the time of the collision the plaintiff was 34 years old. The facts as stated in the foregoing resumé of the evidence are practically without dispute or conflict in the record.

Such damages " * * * are susceptible to proof only with an approximation of certainty, and it is solely for the jury to estimate them as best they can by reasonable probabilities, based upon their sound judgment as to what would be just and proper under all of the circumstances, which may not be disturbed in the absence of some showing that the jury were biased or prejudiced or arrived at the amount in some irregular manner." Reinhold v. Spencer, 53 Idaho 688, 26 P.2d 796, 801; Owen v. Taylor, 62 Idaho 408, 114 P.2d 258; O'Connor v. Meyer, 66 Idaho 15, 154 P.2d 174. This court has also held that it must clearly appear that the amount found is so excessive as to show passion or prejudice on the part of the jury to justify the appellate court in disturbing the verdict. Nelson v. Johnson, 41 Idaho 703, 243 P. 649; Davis v. Potter,

51 Idaho 81, 2 P.2d 318; Denbeigh v. Oregon-Washington Railroad & Navigation Company, 23 Idaho 663, 132 P. 112. Other jurisdictions follow a similar rule, variously stated. Duggins v. International Motor Transit Co., 153, Wash. 549, 280 P. 50, where the rule is well stated at page 55; Dall v. Bangor Ry. & Electric Co., 126 Me. 261, 137 A. 773; Crockett v. City of Mexico, 336 Mo. 145, 77 S.W.2d 464. In Kircher v. Atchison T. & S. F. Ry. Co., 32 Cal.2d 176, 195 P.2d 427, 434, the supreme court of California stated the rule: " * * * it is well settled that even though the award may seem large to a reviewing court, it will not interfere unless the allowance is so grossly disproportionate to a sum reasonably warranted by the facts as to shock the sense of justice and raise a presumption that it was the result of passion and prejudice."

■ The trial judge's conclusion that the verdict was not excessive is entitled to some weight in the determination of that question in this court, particularly in determining whether the verdict is tainted with passion or prejudice. Foster v. Pestana, 77 Cal.App.2d 885, 177 P.2d 54. Except for his contention that the amount of the verdict is so excessive as to indicate passion or prejudice the appellant does not contend that anything occurred at the trial to arouse or appeal to passion or prejudice, and he attempts no showing in that regard.

■ In determining the amount of damages to be awarded for personal injury, the jury and the court may and should take into consideration existing economic conditions as they affect the value or purchasing power of money. 60 A.L.R. 1395, Annotation; Petersen v. General Rug & Carpet Cleaners, Inc., 333 Ill.App. 47, 77 N.E.2d 58; Missouri Pacific Ry. Co. v. Elvins, 176 Ark. 737, 4 S.W.2d 528; Kelleher v. Porter, Wash., 189 P.2d 223; Foster v. Pestana, supra; Kircher v. Atchison T. & S. F. Ry. Co., supra.

■ In such a case the plaintiff is entitled to recover damages for the aggravation of a pre-existing disability, to the extent that such aggravation was caused by the negligence of the defendant. Florida Motor Lines Corporation v. Wood, 156 Fla. 838, 24 So.2d 581; Jones v. City of Caldwell, 20 Idaho 5, 116 P. 110, 48 L.R.A., N.S., 119.

■ In this case it appears that the bony tumor was in a dormant state prior to the collision and occasioned the plaintiff no pain or disability, and that as a result of the collision it has become activated and now occasions both pain and disability to the extent that the doctors have recommended surgery. What the outcome will be is left to conjecture. It also appears that the plaintiff has sustained some injury to his back and nervous system, which may be permanent.

A comparison of the facts of this case with the numerous other cases involving a challenge to the amount of the verdict would be of little assistance. Each case

must rest upon its own particular facts and the sound and impartial discretion of the jury and the trial judge.

A consideration of the facts and the applicable rules of law lead to the conclusion that the judgment appealed from should be affirmed, and it is so ordered. Costs to respondent.

HOLDEN, C. J., and GIVENS, PORTER and KEETON, JJ., concur.