358 P.2d 860

Richard J. MENDENHALL, Plaintiff-Respondent,

v.

MacGREGOR TRIANGLE COMPANY, a corporation, Carol MacGregor, Gordon A. MacGregor and Nellie I. MacGregor, Defendants-Appellants.

No. 8858.

Supreme Court of Idaho.

Jan. 18, 1961.

Coughlan, Imhoff & Shepard, Boise, for respondent.

Richards, Haga & Eberle, Boise, for appellant.

**148**

McFADDEN, Justice.

Lemp Street of Boise, Idaho, runs east and west, and intersects 18th street, running north and south, at right angles. On February 16, 1958 at about 11:35 a. m., respondent Mendenhall, age 39, driving his 1950 Ford Sedan, westerly along Lemp Street, was involved in an intersection collision with the 1956 Pontiac station-wagon, driven north by Carol MacGregor. The Pontiac was owned by appellant MacGregor Triangle Company, a corporation, which had permitted its operation by Miss Mac-Gregor. Miss MacGregor at the time of the accident was 15 years of age, and her application for issuance of her driver's license had been executed by appellants Gordon A. MacGregor and Nellie I. Mac-Gregor, pursuant to I.C. § 49–313.

The collision occurred in the northwest quadrant of the intersection, the front end of respondent's vehicle striking the right rear of the Pontiac station-wagon. The sedan stopped within a distance of a few feet of the point of impact; the station-wagon continued down Lemp Street, skidding completely around, and came to rest about 72 feet from the point of impact. No one in the Pontiac station-wagon was injured. Respondent, however, was knocked unconscious momentarily, and suffered an injured left knee and injuries to his neck.

Respondent by his amended complaint seeks special damages for his medical expenses incurred and for future medical care and treatment, loss of income, and general damages. The appellants generally denied all allegations of negligence, and alleged contributory negligence on respondent's part. By cross-complaint charging respondent with negligence in causing the accident, appellant company claims damages for injury to its station-wagon.

The matter was tried before a jury, which returned an unanimous verdict against appellant company on its cross-complaint and in respondent's favor on his complaint, in the amount of $17,000. Judgment was entered in that amount against appellants, with the liability of appellant company limited to $5,000, pursuant to I.C. § 49–1404, subd. 2.

Appellants moved for a new trial on the grounds that the damages were excessive, appearing to have been given under the influence of passion or prejudice, that the

evidence was insufficient to justify the verdict on the basis of loss of earnings, or injuries sustained. This motion and the appellants' subsequent motion to reconsider were both denied. Appeal was taken from the judgment and order denying the new trial.

Appellants' assignments of error are directed to the giving of Instruction 18, to the court's denial of their motion for new trial and to the basis used by the trial court in denying such motion.

Instruction No. 18 given by the court reads as follows:

"Section 49–727, Idaho Code, reads as follows:

'a. The driver of a vehicle approaching an intersection shall yield the right of way to a vehicle which has entered the intersection from a different highway.

'b. When two vehicles enter an intersection from different highways at approximately the same time the driver of the vehicle on the left shall yield the right of way to the vehicle on the right'."

Appellants complain that this instruction was insufficient in failing to define the various terms used in the statute. The giving of this instruction was proper in explaining the statutory duty of drivers approaching an intersection. The record fails to disclose that appellants requested any instruction amplifying the code provisions, and in the absence of a request for such instruction no error may now be predicated on the trial court's failure to fully amplify this instruction by defining the various terms used in the statute. Abbs v. Redmond, 64 Idaho 369, 132 P.2d 1044; Pittman v. Sather, 68 Idaho 29, 188 P.2d 600; Preston v. Schrenk, 77 Idaho 481, 295 P.2d 272; Coffin v. Cox, 78 Idaho 111, 298 P.2d 742.

Appellants contend that the damages are so excessive as to require the conclusion they were given under the influence of passion or prejudice; that the trial court in denying the motion for new trial was applying the law applicable to an appellate court, and not the law applicable to trial courts; that the trial court erred in using verdicts from other geographic and economic areas as a basis for determining whether the verdict in this case was excessive.

In the instant case in denying appellants' motion for new trial, the trial judge rendered a memorandum decision which carefully reviewed the sufficiency of the evidence to sustain the amount of the verdict. He explicitly found that the amount of the verdict was not so excessive as to infer passion or prejudice. Even though he was of the initial opinion that the verdict should have been reduced and a new trial granted, he denied the motion for new trial, relying

**150**

on the case of Tulsa City Lines v. Geiger, Okl., 275 P.2d 325.

 The use of verdicts from other areas as a guide for testing the inadequacy or excessiveness of any particular verdict is proper, but extreme care must be exercised in use of such a guide, for no case of personal injuries is an exact and binding precedent for another upon the matter of the injuries sustained. The amount of damages that may properly be awarded in any particular case depends upon the facts and circumstances of that case, and hence, the verdict and judgment in another case of similar character is not a controlling criterion; Leming v. Oilfields Trucking Co., 44 Cal.2d 343, 282 P.2d 23, 51 A.L.R.2d 107; Montgomery v. Vigil, 65 N.M. 107, 332 P.2d 1023; 15 Am.Jur. Damages § 207, p. 624. In Hubble v. Record, 80 Idaho 403, 411, 331 P.2d 270, 274, this court stated:

"In determining whether the judgment as it now stands is excessive it would be of little help to attempt to compare such judgment with the amounts of verdicts granted by juries and approved by the courts in cases from other jurisdictions. Garrett v. Taylor, (69 Idaho 487, 210 P.2d 386)".

 It appears that the trial court unduly relied on the case of Tulsa City Lines v. Geiger, supra, in his denial of the motion for new trial. The determination of the question of excessiveness of an award by the jury first requires of the trial judge an examination as to the sufficiency of the record to sustain the award; then if he does determine the record is insufficient to sustain the award, he must next determine the amount of the award the record does sustain. The determination of proper recompense for pain and suffering in a personal injury action is one of great difficulty to the trial court. While such a determination in the first instance has been recognized repeatedly by this court as pecularily within the province of the jury, (Reinhold v. Spencer, 53 Idaho 688, 26 P.2d 796; O'Connor v. Meyer, 66 Idaho 15, 154 P.2d 174; Garrett v. Taylor, 69 Idaho 487, 210 P.2d 386), yet the trial court has the responsibility to weigh the evidence and make the determination whether the evidence supports the verdict.

 This court in Checketts v. Bowman, 70 Idaho 463, 467, 220 P.2d 682, 684 stated:

"The remedy for excessive verdicts rests largely with the trial judge, whose duty it is to carefully weigh the evidence and not allow a verdict to stand for a greater amount than the evidence will reasonably justify, (citing cases)". One of the cases cited therein being that of Bond v. United Railroads, 159 Cal. 270, 113 P. 366, 373, 48 L.R.A.,N.S., 687, which stated:

" * * * We have cause to fear that the trial courts sometimes act on

the theory that they can shift the responsibility in this matter to the appellate court, and that an excessive verdict can be corrected on appeal. This is a mistake. Our power over excessive damages exists only when the facts are such that the excess appears as a matter of law, or is such as to suggest at first blush, passion, prejudice, or corruption on the part of the jury. (citing cases). Practically, the trial court must bear the whole responsibility in every case."

This statement by the Supreme Court of California correctly states the responsibilities and obligations of the trial courts. The order denying the motion for new trial is reversed and the cause is remanded with directions to the district court to re-examine the record in view of this opinion, and thereupon determine whether a new trial should be granted, or whether a new trial should be granted conditioned only upon refusal of respondent to remit such portion of the judgment as may be determined excessive by the trial court.

 In the event of a new trial, the trial judge in the exercise of his judicial discretion, should determine whether or not the issues to be retried should be solely limited to the amount of damages sustained by the plaintiff, pursuant to I.R.C.P. 59 (a); 66 C.J.S. New Trial § 11, p. 87; 39 Am.Jur. New Trial § 21, p. 44; Leipert v.

Honold, 39 Cal.2d 462, 247 P.2d 324, 29 A.L.R.2d 1185; Darbrow v. McDade, 3 Cir., 255 F.2d 610.

Cause remanded for further proceedings in accordance with this opinion.

Costs to appellant.

TAYLOR, C. J., KNUDSON, J., and SCOGGIN and WARD, District Judges, concur.