234 P.2d 828

PARSONS et al. v. KOOTENAI RURAL ELECTRIFICATION ASS'N, Inc., et al.

No. 7707.

Supreme Court of Idaho.

July 31, 1951.

Whitla & Knudson, Coeur D'Alene, for appellants.

Elder, Elder & Smith, Coeur D'Alene, Robert McFadden, Plummer, for respondents.

.THOMAS, Justice.

The plaintiffs, respondents herein, residents, citizens and taxpayers of the Village of Worley, instituted an action in the District Court of the Eighth Judicial District of Idaho in and for the County of Kootenai against Kootenai Rural Electrification Association, Inc., the appellant herein, and hereinafter referred to as REA, and also against the Village of Worley, a municipal corporation, and its Board of Village Trustees.

The action was instituted for the purpose of quieting the title of the Village of Worley in and to a municipally owned transmission and distribution electric light system.

REA filed a second amended answer and cross-complaint; the Village of Worley and the plaintiffs each filed a general demurrer to the second amended answer and cross-complaint and also motion to strike the second amended cross-complaint.

Thereafter the District Court, upon hearing, sustained the demurrers to the second amended cross-complaint without leave to further amend; in the same order the motions to strike the second amended cross-complaint were granted without leave to amend further.

Thereafter the Village of Worley filed its answer admitting all the material allegations of the complaint and neither denying nor admitting the allegations of the cross-complaint of REA; on the same day plaintiffs filed and served notice of motion and motion for judgment on the pleadings and an order was made granting the motion for judgment on the pleadings; subsequently formal judgment on the pleadings was made and entered quieting title of the Village of Worley in and to the entire system and adjudging and decreeing that the contract for the sale of the transmission system to REA was null and void.

Kootenai REA, the appellant herein, appealed from such judgment and from all intermediary orders entered preliminary to the judgment.

As all of the assignments of error are interrelated, we will confine the major discussion to the order sustaining the demurrers to the second amended cross-complaint without leave to amend and striking the same from the record and granting the motion for judgment on the pleadings and in entering judgment on the pleadings.

The ruling of the court was based upon issues of law raised by the pleadings; for this reason we deem it necessary to refer briefly to the allegations of the complaint, the denials and affirmative matters contained in the second amended answer and cross-complaint of REA.

Among other things, the plaintiffs allege the ownership of an electric transmission and distribution system by the Village of Worley; that electric energy was purchased at wholesale by the Village of Worley from the Village of Plummer and was transmitted over the transmission line between the two villages extending some seven miles; that in the month of November, 1946, at a meeting of the Board of Trustees of the Village of Worley, the Village, by oral arrangement, pretended to sell the transmission line to the REA without an election held pursuant to ordinance and notice and was without authority and that such sale was void; that the exercise of control over the transmission line by REA greatly damaged the inhabitants of Worley; that the plaintiffs made demand

upon the Village of Worley to institute an action to cancel and annul any claim of REA to the property and that the said Trustees wrongfully refused and neglected to act.

The second amended answer of REA denies every material allegation of the complaint; further answering by way of affirmative defenses and cross-complaint, REA in substance and effect alleged that in December 1945 REA submitted to the Village a proposal in writing to purchase the complete plant and system for $7500; that the following month the Village enacted an ordinance calling for a special election, upon notice, wherein the proposal as to whether or not the plant should be sold was submitted to the people for vote and at an election held for that purpose a majority of the voters cast their vote in favor of such sale; that following such election calls for bids were made and REA made a bid in the sum of $7500 for the purchase of the entire system, and that such bid was accepted by the Board of Trustees of said Village, which Board then requested time in which to arrange for the transfer of the system to REA; that thereafter a contract to complete the purchase was submitted by REA to said Village which Village delayed the execution thereof for the reason that it had determined that it could not sell and transfer the entire plant until it had a source of revenues to pay for the ordinary operating expenses of the Village.

It is further alleged that the entire system was in a bad state of repair and that soon thereafter the transformer burned out and the transmission system was in such a state of disrepair that the Village abandoned said transmission line and agreed with REA to sell the transmission line for $2000 if REA would advance $3500 on the purchase price of the entire system, and if for any reason the Village was unable to complete the sale then in that event $2000 of the money so advanced would be treated as the purchase price for the poles and wires on the abandoned transmission line and the balance would be repaid to REA; that at about the same time at the special instance and request of the Village said REA supplied said transformer and performed work and labor upon the distribution system at great expense, and also expended $1956.77 on a portion of the old abandoned transmission line, all with the understanding that all such expenditures other than those made for permanent betterments, improvements and additions should be applied upon the purchase price of the entire system when the transaction was consummated and the transfer made; that the Village by reason of its acts and conduct as alleged in said second amended answer and cross-complaint was estopped to make any claim that it was without authority to or that it did not lawfully proceed in making the sale of said entire plant to said REA.

REA further alleges that it was unable to more specifically plead in its cross-com-

plaint ·for the reason that many facts peculiarly within the knowledge of the Village were unavailable to the REA for the reason that the Village, pursuant to advice from its attorney, refused to give REA such additional information; REA further alleges that the action initiated by two taxpayers of the Village of Worley as plaintiffs, was in reality initiated for the benefit of the Village of Worley and that the Village of Worley and its Trustees were not defending the action but in fact joining with the plaintiffs and assisting plaintiffs in the prosecution thereof and were for all purposes plaintiffs though designated in the pleadings as defendants.

REA asked that the action of the plaintiffs be dismissed and that it have judgment against the Village of Worley requiring the Village to transfer the entire system to REA and to pay REA any balance due by virtue of the advances made which were in excess of the purchase price, and that the court determine such balance; in this connection REA further makes offer and tender to make payment of any sums which the court finds it may owe, if any, to said Village to complete the transfer in accordance with the bid and acceptance; REA further asks that should the Village for any reason be unable to complete the sale that an accounting be had and that the court adjudge what, if anything, is still due upon the abandoned transmission line, and that if the court should find that any sums were due thereon that the REA be allowed to pay such; REA

further asks for such other and further general relief as would be meet, proper and equitable in the premises.

■ It is the universal rule that a demurrer is an admission of the truth of the facts well pleaded and all of the intendments and inferences that may reasonably be drawn therefrom, and that the facts will be construed in the light most favorable to the cross-complainant; American Home Benefit Ass'n, Inc. v. United American Benefit Ass'n, Inc., 63 Idaho 754, 125 P.2d 1010.

■ A general demurrer to a cross-complaint should not be sustained if the facts therein alleged are sufficient to constitute a cause of action entitling the cross-complainant to any relief. Eastern Idaho Loan & Trust Co. v. Blomberg, 62 Idaho 497, 113 P.2d 406.

■ A demurrer to a cross-complaint on the grounds that it does not state facts sufficient to constitute a cause of action searches the cross-complaint to ascertain whether or not the allegations therein set forth entitle the pleader to any relief, and where, upon such search, it is revealed that' the cross-complaint is sufficient to constitute a cause of action and puts the adverse parties upon defense, it is not subject to a general demurrer. Aker v. Coleman, 60 Idaho 118, 88 P.2d 869, and the cases therein cited.

The parties here are in a court of equity, invoking its aid; without again attempting to detail the allegations contained in the

second amended cross-complaint of REA, suffice to say that REA alleged therein that it had advanced the Village $2000 on the purchase price of the plant; had expended $1956.77 in repairing the abandoned transmission line; had delivered the Village a new transformer and had furnished labor and material in otherwise repairing the distribution system at an additional substantial cost; in sustaining the demurrers to the cross-complaint and in striking the cross-complaint from the record and granting judgment on the pleadings the court disregarded these facts and others deemed admitted and by its ruling has denied to REA any relief, though it appears on the face of such pleading that REA is entitled to some relief.

■ Where a court of equity has taken jurisdiction it will retain jurisdiction for all purposes, decide all issues, award relief which is complete, finally dispose of the litigation and accomplish full justice to all litigants and thereby prevent future litigation. This the court should have done but did not do. Taylor v. Hulett, 15 Idaho 265, 97 P. 37, 19 L.R.A.,N.S., 535; 19 Am.Jur., Secs. 127, 128, 129, pp. 126–130.

■ From what has been stated, the trial court committed prejudicial error in sustaining the demurrers to and striking the second amended cross-complaint of REA; this requires a reversal of the judgment, rendering it unnecessary to consider any further contentions urged.

The judgment is reversed and the cause is remanded with instructions to the trial court to reinstate the second amended cross-complaint of REA and proceed in the premises.

Costs to appellant.

GIVENS, C. J., PORTER, TAYLOR, JJ., and GRAF, D. J., concur.