317 P.2d 335

William Byron HOFFMAN, a minor, by and through his guardian ad litem, Orville Hoffman and Georgine Hoffman, husband and wife, State of Idaho, Walter C. Musgrave, State Insurance Manager, State of Idaho, Plaintiffs-Appellants,

v.

Roy BARKER and Lee Barker, husband and wife, Marion J. Hess, and/or Marion J. Hess Construction Company, Defendants-Respondents.

No. 8580.

Supreme Court of Idaho.

Oct. 31, 1957.

T. Harold Lee, Rigby, for appellants.

Holden & Holden, Albaugh, Bloem, Barnard & Smith, Idaho Falls, for respondents.

PORTER, Justice.

Appellant, William Byron Hoffman, a minor, brought this action by his guardian ad litem to recover damages for personal injuries received when struck by an automobile driven by defendant, Lee Barker. By the amended complaint it is alleged that the injuries of such appellant were caused by the concurrent negligence of defendants. The appellants, State of Idaho, and Walter C. Musgrave, State Insurance Manager, State of Idaho, are subrogees under the Workmen's Compensation Law, I.C. § 72–101 et seq., claiming re-imbursement for funds paid under such law to appellant, William Byron Hoffman.

Defendants, Roy Barker and Lee Barker, husband and wife, filed a general demurrer

to the amended complaint which demurrer the court overruled and such defendants were by the court required to answer. Defendant, Marion J. Hess, and/or Marion J. Hess Construction Company, filed a general demurrer to the amended complaint which demurrer was by the court sustained and a judgment of dismissal entered dismissing the action as to such defendant. From such judgment of dismissal, appellants have appealed to this court.

The pertinent facts alleged in the amended complaint which it is necessary to consider in determining the merits of this appeal are as in hereinafter set out. On or about May 27, 1955, defendant, Marion J. Hess, and/or Marion J. Hess Construction Company, contracted with the State of Idaho for the construction of a stretch of road between the Village of Teton and the City of St. Anthony in Fremont County, Idaho. On September 8, 1955, such defendant was engaged in the construction of said roadway pursuant to the terms of such contract; and had caused the entire route of such roadway to be torn up and had various sections of said roadway in various stages of construction. From the start of the construction project within the limits of the City of St. Anthony to a point approximately one mile south thereof, portions of such roadway appeared to be completed, but were in fact in various stages of completion with gravel and other materials piled and exposed upon the west side of such roadway. Said defendant continued to work upon such roadway during the evening of September 7th and early morning of September 8, 1955; and at various times throughout the night caused large dump trucks, hauling gravel and other materials, to be placed upon the westerly half of said roadway, while traveling in a northerly direction, for the purpose of dumping gravel and other materials upon the westerly portion of said roadway.

On the morning of September 8, 1955, appellant, William Byron Hoffman, was of the age of 17 years and was employed as a checker with the Department of Highways, State of Idaho, and while acting within the scope and course of his employment, was rightfully in and about the said roadway under construction at a point about one mile south of the north end of said roadway; and that at the said time and place he was engaged in checking the amount of crushed gravel being placed on such roadway by such defendant.

By the terms of the contract between said defendant and the State of Idaho, such roadway under construction was open to traffic during the construction thereof. On or about 2:15 a. m. of September 8, 1955, defendant, Lee Barker, was driving a certain Oldsmobile automobile in a southerly direction on said roadway at a point approximately one mile south of the north end of said roadway under construction. Defendants, Roy Barker and Lee Barker, are husband and wife and the owners of such automobile. At such time and place,

appellant, William Byron Hoffman, was properly and lawfully to the north of and near the truck of defendant Construction Company then and there standing and parked on the westerly half of said roadway and headed in a northerly direction. The said automobile of defendants, Lee Barker and Roy Barker, ran into the said William Byron Hoffman with great force and violence and inflicted upon him serious and permanent injuries.

The appellants further alleged that the striking of the said William Byron Hoffman by the automobile of defendants, Lee Barker and Roy Barker, was proximately caused by the joint and concurrent negligence of the defendants, Lee Barker and Marion J. Hess, and/or Marion J. Hess Construction Company.

Paragraph XIV of the amended complaint sets out the alleged negligence of defendant, Marion J. Hess, and/or Marion J. Hess Construction Company, and reads as follows:

"That at the time and place of the said striking of the said William Byron Hoffman by said automobile, as aforesaid, the acts and conduct of the defendant, Marion J. Hess, and, or, Marion J. Hess Construction Company, by and through his agents and employees, were negligent, heedless, reckless, careless, wanton and unlawful in the following particulars, to wit: Although duly informed of the premises and of the great danger thereby incurred by the traveling public, and more particularly the defendant, Lee Barker, having occasion to travel upon said roadway in the nighttime, in failing to place a watchman, guard, barrier, or warning light, signal or device, except at either end of the 5.267 miles of roadway under construction so as to warn persons, and more particularly the defendant, Lee Barker, lawfully traveling upon said roadway in motor vehicles of the fact that there were gravel and other materials piled upon the westerly portion of said roadway, and of the fact that construction of said roadway was in progress during the nighttime, and of the fact that within said construction zone the roadway was apparently completed and there was no construction in progress for a space of .3 of a mile immediately preceding the point where the said William Byron Hoffman was struck, but that at that point construction resumed; in unlawfully placing in and upon the usually traveled path of southbound traffic a dump truck while facing in a northerly direction; in placing said dump truck upon the westerly portion of said roadway while facing north in the nighttime, with its headlights on, and without placing a watchman, guard, barrier, or warning light, signal or device to warn the

traveling public, and more particularly the defendant, Lee Barker, that the same was there dumping gravel; in spotting said truck in the wrong lane of traffic; in having said dump trucks directional signal lights flashing when said dump truck was not in fact making, or about to make, any turning movement, but was parked at the end of a gravel pile, preparatory to unloading gravel; that the defendant, Marion J. Hess, and, or, Marion J. Hess Construction Company, by and through his agents and employees acts and conduct in the construction of said roadway and the operation of his dump truck upon the said roadway at said time and place was careless, unlawful and heedless and in willful and wanton disregard of the rights and safety of others, including the defendant, Lee Barker, and more particularly the plaintiff, William Byron Hoffman, and without due caution and circumspection."

Paragraph XV of the amended complaint sets out the alleged negligence of defendant, Lee Barker, and reads as follows:

"That at the time and place of the striking of the said William Byron Hoggman by said automobile, as aforesaid, the acts and conduct of the said defendant, Lee Barker, were negligent, heedless, reckless, careless, wanton and unlawful in the following particulars, to wit: 'In driving her motor vehicle upon the roadway while under the influence of intoxicating liquor; in operating her motor vehicle on said roadway while it was under construction at a rate of speed in excess of the maximum safe speed under the conditions prevailing; in operating her motor vehicle upon the roadway without keeping a proper, or any lookout for persons engaged in the construction of said roadway; in operating her motor vehicle upon the roadway carelessly, unlawfully and heedlessly, and in willful and wanton disregard of the rights and safety of others, including the defendant, Marion J. Hess, and, or, Marion J. Hess Construction Company, and more particularly the plaintiff, William Byron Hoffman, and without due caution and circumspection."

A general demurrer admits the truth of all facts well pleaded in the complaint and of all the intendments and inferences that may reasonably be drawn therefrom; and such facts will be construed in the light most favorable to the plaintiff. Bekins Moving & Storage Co. v. Maryland Cas. Co., 72 Idaho 493, 244 P.2d 1100; Parsons v. Kootenai Rural Electrification Ass'n, 71 Idaho 510, 234 P.2d 828; Paulsen v. Krumsick, 68 Idaho 341, 195 P.2d 363; Henderson v. Twin Falls County, 56 Idaho 124, 50 P.2d 597, 101 A.L.R. 1151.

It is a fair and reasonable inference from the facts pleaded in plaintiffs' amend-

ed complaint, and is in effect an allegation therein, that defendant, Lee Barker, after passing the piles of gravel on the west side of the roadway and upon reaching the stretch of roadway apparently completed, drove her car to and upon the west and proper side of the roadway; and that the apparent completion of the highway, the absence of proper or any signs or signals warning of danger, and the presence of the construction company truck with its headlights on and its directional lights flashing, seemingly being a vehicle traveling north, all combined to mislead the driver of the automobile as to the actual situation of the truck on the wrong side of the roadway, and thereby contributed to the accident and the injuries of the minor appellant.

It appears that the trial court did not sustain the general demurrer on the ground that the amended complaint on its face showed contributory negligence. Otherwise, the general demurrer of the defendants, Barker, would have been sustained and the action also dismissed as to such defendants. The amended complaint does not show on its face as a matter of law that appellant, William Byron Hoffman, was guilty of contributory negligence.

It was apparently the theory of the trial court and is urged by respondent Hess upon this court that the accident was caused by an intervening act of a third party which superseded the negligence if any of such respondent and became the sole proximate cause of the injury. Respondent cites

Craig v. Village of Meridian, 56 Idaho 220, at page 228, 52 P.2d 145, at page 148, where it is said:

"Appellant argues the proper instruction to be: 'A proximate cause is the ordinary and natural result of the omission or negligence complained of; what is natural and might have been reasonably expected to occur. Where not reasonably anticipated as a probable consequence and the result would not have followed had not some new and independent cause interrupted the natural sequence of events and turned aside their course it is the remote, while the independent intervening act is the proximate cause.'

"Since the case is reversed on other grounds, it is not necessary to decide if the instruction given was prejudicial or not, but the instruction should have contained language limiting the word 'might' as contained in Antler v. Cox, 27 Idaho 517, 149 P. 731, 733, where this court said:

" 'The rule is thoroughly established by the authorities that proximate causes are such as are the ordinary and natural result of the omission or negligence complained of, and are usual and might have been reasonably expected to occur.' "

Respondent also cites in support of his position, Bracy v. Lund, 197 Wash. 188, 84 P.2d 670; Geisen v. Luce, 185

Minn. 479, 242 N.W. 8; Haney v. Town of Lincolnton, 207 N.C. 282, 176 S.E. 573; Pilvelis v. Plains Tp., 140 Pa.Super. 561, 14 A.2d 557. An examination of the cases relied upon by respondent discloses that the rule contended for is generally applied where a static negligent condition exists. In the instant case active negligence is alleged in that the truck of respondent, Marion J. Hess, and/or Marion J. Hess Construction Company was actively engaged in hauling gravel in the nighttime and was situated on the wrong side of the highway with its headlights on and its directional lights blinking.

Appellants contend for the rule which we believe to be applicable in this case that where two tort feasors by concurrent acts of negligence which, although disconnected, yet in combination inflict an injury to a third person, the two concurring acts of negligence will be held to be the proximate cause of the injury and both the tort feasors are jointly and severally liable for such injury. This rule is supported by Valles v. Union Pac. R. Co., 72 Idaho 231, 238 P.2d 1154. See also, Hellan v. Supply Laundry Co., 94 Wash. 683, 163 P. 9; Grantham v. Watson Bros. Transportation Co., 142 Neb. 362, 6 N.W.2d 372, 9 N.W.2d 157; Oppenheimer v. Linkous' Adm'x, 159 Va. 250, 165 S.E. 385; and, generally, Annotation, 16 A.L.R. 465; Annotation, 62 A.L.R. 1181.

The determination of what is the proximate cause of an accident is essentially a jury question. "The rule derived from the following cases is that negligence, contributory negligence, and proximate cause are questions for the jury unless the proof is so clear that different minds cannot reasonably draw different conclusions or where all reasonable minds would construe the facts and circumstances of the case, in only one way." Mason v. Hillsdale Highway Dist., 65 Idaho 833, at page 845, 154 P.2d 490, at page 496. See also, Valles v. Union Pac. R. Co., supra; Ford v. Connell, 69 Idaho 183, 204 P.2d 1019.

A highway contractor doing work upon a highway is bound to act reasonably and with due regard for the rights of persons lawfully using the highway and is liable for injuries resulting from his negligence in the performance of the work. Pittman v. Sather, 68 Idaho 29, 188 P.2d 600; Toler v. Hawkins, 188 Okl. 58, 105 P.2d 1041; Hansen v. Clyde, 89 Utah 31, 56 P.2d 1366, 104 A.L.R. 943; Folkins v. Johnston, 124 Cal.App. 169, 12 P.2d 153; John F. Buckner & Sons v. Allen, Tex.Civ.App., 272 S.W.2d 929.

Whether or not respondent, Marion J. Hess, and/or Marion J. Hess Construction Company was negligent in the performance of the construction of the highway, and whether or not such negligence

if any in combination with the negligence of defendant, Lee Barker, was the proximate cause of the accident and the injuries to the minor appellant, are questions for the jury under the allegations of fact in the amended complaint in this cause. It was error for the trial court to sustain the general demurrer of respondent Construction Company and to enter the judgment of dismissal.

The judgment dismissing the action against respondent, Marion J. Hess, and/or Marion J. Hess Construction Company is reversed and the cause remanded to the trial court with directions to reinstate such cause; to overrule the general demurrer of such respondent; and to proceed further in the premises. Costs awarded to appellants against respondent, Marion J. Hess, and/or Marion J. Hess Construction Company.

TAYLOR, SMITH and McQUADE, JJ., concur.

KEETON, Chief Justice (dissenting).

At the time of the accident and injury complained of respondent Marion J. Hess, hereafter referred to as Hess, was engaged in improving a stretch of road, pursuant to a contract with the State of Idaho. The State had employed plaintiff William Byron Hoffman, a minor, to act as checker for the Highway to see that Hess followed the specifications of his contract. At the time of the accident and injury Hess, pursuant to his contract, had a truck unloading gravel. The truck's headlights were on and signal lights flashing. Defendant Lee Barker then drove an automobile on the highway then being improved, near and against the truck, and collided with said Hoffman. The driver of the automobile was alleged to be under the influence of intoxicating liquor, speeding and keeping no lookout and according to the complaint was acting in wilful and wanton disregard of the rights of others.

Liability on the part of Hess is claimed for the alleged reasons that he failed to give adequate warning that the road was under construction at the time and place in question; that his truck was placed on the left hand side of the road in the direction it was headed; that there was no warning given that Hess was dumping gravel and that the truck's directional signal lights were flashing when the truck was not actually turning or preparing to turn.

The question presented is who is responsible for the damage to employee Hoffman. Just what action Hess should have taken to prevent a drunken and careless driver from running into Hoffman is not made clear. Hess had no reason to believe or foresee that the driver of the Barker car would act as she did.

No conduct or lack of conduct on the part of Hess was the proximate, or a contributing cause of the injury to Hoffman.

In Craig v. Village of Meridian, 56 Idaho 220, 52 P.2d 145, where a passenger of a car was injured because the driver ran into a ditch which could or should have been observed, it was held that the hazard, if any, created by the Village was not the proximate cause of the damage complained of.

The rule applicable to the situation here is stated in 65 C.J.S. Negligence § 103, p. 645:

"'Proximate cause' is most often defined as any cause which in natural and continuous sequence, unbroken by any efficient intervening cause, produces the result complained of and without which the result would not have occurred;"

And where a driver of an automobile left his car standing on the highway and a car headed in the same direction in passing ran into a ditch, overturned and injured a passenger, it was held that the proximate cause of the damage was not the negligence of the driver of the parked motor vehicle. Geisen v. Luce, 185 Minn. 479, 242 N.W. 8.

In the present situation an intervening cause that is the act of a third person (Barker) was responsible for the damage and injury complained of. Thus, in Pilvelis v. Plains Tp., 140 Pa.Super. 561, 14 A.2d 557, it was held that in order that a negligent actor be held liable for another's bodily harm, it is necessary not only that the actor's conduct be negligent toward the other in the particulars stated, but also that the negligence of the actor be the legal cause of the other's harm. Further before one can be liable such negligence, if any, must be a substantial factor in bringing about the harm complained of.

In the present situation, while I can see no negligence alleged on the part of Hess, his negligence, if any, was not the cause of the injury and damage complained of.

Before Hess could be liable it would be necessary that his conduct be the legal cause of the damage and injury. Restatement of the Law of Torts, Vol. 2, American Law Institute, para. 430.

The sole and only proximate cause of the damage and injury here asserted is the negligence of respondent Barker. There being no negligence on the part of Hess which caused the harm, his conduct was not a contributing factor to the injury. Hence I am of the opinion the judgment should be affirmed.