330 P.2d 978

Orville HOFFMAN and Georgine Hoffman, husband and wife, the father and mother of William Byron Hoffman, a minor; State of Idaho; Walter C. Musgrave, State Insurance Manager, State of Idaho, Plaintiffs-Appellants,

v.

Roy BARKER and Lee Barker, husband and wife; Marion J. Hess and, or, Marion J. Hess Construction Company, Defendants-Respondents.

William Byron HOFFMAN, a minor, by and through his guardians ad litem, Orville Hoffman and Georgine Hoffman, husband and wife; State of Idaho; Walter C. Musgrave, State Insurance Manager, State of Idaho, Plaintiffs-Appellants,

v.

Roy BARKER and Lee Barker, husband and wife; Marion J. Hess and, or, Marion J. Hess Construction Company, Defendants-Respondents.

Nos. 8678, 8679.

Supreme Court of Idaho.

Oct. 22, 1958.

T. Harold Lee, Rigby, for appellants.

374

ho Falls, for respondents, Marion J. Hess and/or Marion J. Hess Const. Co.

Holden, Holden & Kidwell, Idaho Falls, for defendants, Roy Barker and Lee Barker, Albaugh, Bloem, Barnard & Smith, Ida-

PORTER, Justice.

Appellants commenced the two above-entitled actions to recover damages arising out of an accident wherein William Byron Hoffman, a minor, was struck and injured by an automobile. In Case No. 8678, the parents of such minor seek to recover damages for medical and hospital expenses incurred and to be incurred by reason of such accident and for which they are liable. In Case No. 8679, William Byron Hoffman seeks to recover damages for injuries to his person.

The two cases were consolidated for trial, and were likewise consolidated for presentation to this court.

At the trial of such causes the jury returned a verdict in Case No. 8678 in favor of the plaintiffs against the defendants, Roy Barker and Lee Barker, in the sum of $12,000, and a verdict in favor of defendant, Marion J. Hess, as against plaintiffs. In Case No. 8679, the jury rendered a verdict in the sum of $28,000 in favor of plaintiffs against the defendants, Roy Barker and Lee Barker; and rendered a verdict in favor of defendant, Marion J. Hess, as against the plaintiffs. Judgments in the two cases were entered accordingly. From the judgments in favor of the defendant, Marion J. Hess, the plaintiffs in the two cases have appealed to this court.

The defendants, Roy Barker and Lee Barker, although they filed answers in each of the two cases, did not appear at nor participate in the trial of such cases either in person or by counsel, nor have they participated in these appeals.

These cases were before this court on a former occasion on questions arising out of the pleadings. See Hoffman v. Barker, 79 Idaho 339, 317 P.2d 335, and Hoffman v. Barker, 79 Idaho 349, 317 P.2d 340, wherein this court discussed the rules of law applicable to the question of liability in these cases. Appellants' assignments of error do not make it necessary to here repeat such discussion.

The evidence introduced at the trial of these cases shows the following facts: In May, 1955, respondent, Marion J. Hess, entered into a contract with the State of Ida-

ho for the reconstruction of slightly over five miles of the highway running from the City of St. Anthony to the Village of Teton. The highway was to be kept open for traffic during reconstruction. On September 8, 1955, such respondent had such highway in various stages of reconstruction. An oil mat had been laid down from the outskirts of the City of St. Anthony south for at least a distance of one mile, which is the stretch of highway involved in these cases. Along the west side of the highway was a gravel pile extending to within about one-third of a mile of where the hereinafter described accident took place.

On the night of September 7 and early hours of September 8, the trucks of respondent, Marion J. Hess, were hauling gravel from the south and piling the same along the west side of the highway and had reached a point in such operations about one mile south of the City of St. Anthony. At approximately 2:15 a. m. of September 8, appellant, William Byron Hoffman, a checker employed by the State of Idaho, was measuring the length of the gravel dump about to be made by a truck belonging to Marion J. Hess and being driven by one of his employees. This truck was parked on the westerly side of the highway at the end of the windrow of gravel and was facing north with its headlights burning. William Byron Hoffman was stationed about 30 feet north of the front of the

truck and on the westerly side of the highway.

At the time in question an automobile was being driven by defendant, Lee Barker, from St. Anthony south along such highway. When her automobile passed the end of the gravel windrow at a point about one-third of a mile north of the scene of the accident, such defendant swung her automobile to the west side of the highway and continued to drive thereon until she struck the appellant, William Byron Hoffman, and her automobile hit the truck of respondent, Hess. At the time, Lee Barker was under the influence of intoxicating liquor and was driving her automobile at from 40 to 45 miles per hour. Her home was south of the place of the accident and she was familiar with the reconstruction work being carried out on such highway.

The real issues in the trial of these cases were as to the number and kind of signals and warnings to the public in place on the highway involved at the time of the accident, and as to whether such warnings, as the jury found did exist at the time of the accident, were adequate. On these issues the evidence was conflicting.

■■ Appellants' first assignment of error is to the effect that the court erred in rejecting certain offers of proof by appellants. Appellants offered to prove the condition of the highway in question as to the presence of flares and other warning de-

vices or the lack of same and as to the warning of respondent, Marion J. Hess, of such condition at a time one week before the accident. Such evidence was too remote. The condition of the highway under reconstruction, the placing of flares and warning signs thereon and the necessity for same were constantly changing conditions. The material issue was as to the condition of the highway, the number and placing of the signs and warning signals *at the time of the accident*. There was positive though conflicting evidence on this point. The only ground for allowing the introduction of evidence of a condition existing some time prior to the time in issue is where there is no evidence of the actual condition at the time in question and where the condition is not a changing one but one which it might reasonably be considered would continue to exist. Jakeman v. Oregon Short Line R. Co., 43 Idaho 505, 256 P. 88; 38 Am.Jur., Negligence, Page 1010, Sec. 313.

■ The question of whether or not respondent, Marion J. Hess, had knowledge of the conditions existing one week before the accident is immaterial as such respondent, if liable at all, would be liable regardless of whether or not he had actual personal knowledge of the number and positions of the flares and warning signs at the time of the accident. See Hoffman v. Barker, 79 Idaho 339, 317 P.2d 335, and cases therein cited.

■ Appellants complain by their second assignment of error, that the court erred in the giving of Instructions number Twenty-one and Twenty-three on the ground that such instructions are conflicting and could only confuse and mislead the jury. Such instructions read as follows:

"Instruction Number Twenty-one.

"You are instructed that a highway contractor doing work upon a highway is bound to act reasonably and with due regard for the rights of persons lawfully using the highway and is liable for injuries resulting as a proximate cause from his negligence in the performance of the work."

"Instruction Number Twenty-three.

"The trucks and equipment of a contractor constructing a highway have a right to be any place on the roadway at any time while actually engaged in dumping gravel or doing other work at the particular place, and not just traveling to and from the point where the work is actually being done."

Appellants complain that Instruction Number Twenty-three is incomplete because it does not say that the contractor is bound to act reasonably and with due regard for the rights of persons lawfully using the highway. Instruction Number Twenty-three is in accordance with Section 49–525(b), I.C. It is not in conflict

with Instruction Number Twenty-one. When the two instructions are read together they fairly state the law governing the point in question. Pittman v. Sather, 68 Idaho 29, 188 P.2d 600.

■ Appellants complain of Instruction Number Twenty-two, reading as follows:

"Instruction Number Twenty-two.

"It is the duty of those rightfully in charge of constructing or repairing a highway open and accessible to the traveling public, but upon which some obstruction or dangerous conditions exist, to mark and sign as to give reasonable advance notice of the existence of such obstructions or dangerous conditions, under the existing facts and circumstances, to travelers of reasonable prudence. And in the absence of such signs or warnings a traveler has a right to assume the roadway to be safe from everything except the usual traffic hazards and to proceed accordingly, unless he has personal knowledge of the hazards there existing. If the condition exists during darkness, sign or warning must be of such a character as to be visible to an ordinarily prudent person approaching the danger spot. Such a sign or warning must be such as to give a reasonably prudent traveler on the highway ample advance notice of the existence of such a danger."

Appellants contend that the use of the words "unless he has personal knowledge of the hazards there existing" in effect injects into the cases the question of contributory negligence on the part of William Byron Hoffman not otherwise an issue. This assumption is without merit as the instruction refers to a "traveler" on the highway. The defendant, Lee Barker, was the traveler to whom the instruction refers. Appellant, William Byron Hoffman, was not a traveler on the highway.

■ Appellants' last assignment of error is that the trial court refused to give appellants' requested Instruction Number 8, reading as follows:

"You are instructed that a motorist has a right to assume that the driver of a vehicle coming from the oppostie direction will obey the law, and to act upon such assumption in determining his own manner of using the road, and a driver, therefore, proceeding on the right side of the traveled way, may assume that the driver of a vehicle approaching on the same side, will yield half the way, or will turn out in time to avoid a collision, and not force him, in violation of the statutes of the State of Idaho, to turn from the part of the road on which he is lawfully driving, until he sees, or ought to see, that such assumption is unwarranted."

The trial court properly ruled that such requested instruction was not pertinent under the facts and issues in these cases. Traffic rules of the road are not applicable to equipment actually engaged in work upon the surface of a highway. Section 49–525(b), I.C.

We do not find merit in the assignments of error by appellants. The judgments in question are affirmed. Costs awarded to respondent, Marion J. Hess.

KEETON, C. J., and TAYLOR, SMITH and McQUADE, JJ., concur.